United States District Court
Southern District of Texas
**ENTERED**
February 09, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARCUS HUDSON, § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | CIVIL ACTION NO. H-15-1593 |
| § | |
| TEXAS WESTERN MORTGAGE, LLC; § | |
| WELLS FARGO BANK, N.A.; and § | |
| MORTGAGE ELECTRONIC § | |
| REGISTRATION SYSTEM a/k/a "MERS", § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS

Referred by the District Judge to the undersigned Magistrate Judge is Defendants' Motion to Dismiss (Document No. 20). Having considered Defendants' Motion to Dismiss, Plaintiff's response in opposition (Document No. 25), the allegations in Plaintiffs' live pleading (Document No. 1-5) and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion to Dismiss (Document No. 20) be GRANTED and that Plaintiff's claims against Defendants all be DISMISSED pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim.

### I.     Background and Procedural History

On February 3, 2015, Marcus Hudson ("Hudson") initiated this suit in the 133rd District Court of Harris County, Texas, Cause No. 2015-05785, seeking to prevent foreclosure on his residence located at 13714 Kingston River Lane, Houston, Texas 77044 (referred to hereafter as "the Property"). In his state court Petition, Hudson alleged that Defendants cannot foreclose on the

Property because they lack standing to do so, there not being a valid and effective assignment of the Note and/or Deed of Trust. Defendants Wells Fargo Bank, N.A. and MERS (referred to collectively hereafter as "Defendants")[1] removed the case to this Court on the basis of diversity, and promptly filed a Motion to Dismiss, which is fully briefed and ripe for ruling (Document Nos. 20 & 25).

Based on his allegations that the Note and Deed of Trust were not properly transferred or assigned, and that any such transfer or assignment is void, Hudson asserts claims against Defendants for: (1) lack of standing to foreclose; (2) declaratory relief; (3) quiet title; (4) breach of contract; (5) rescission; and (6) injunctive relief. Defendants seek dismissal of those claims pursuant to FED. R. CIV. P. 12(b)(6).

**II.     Standard of Review**

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the

---

[1] Texas Western Mortgage, LLC, does not appear to have been served, and has not made an appearance in this case.

complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)).  Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss.  *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950.  It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, at 1950.

**III.  Discussion – Plaintiff's Claims**

Hudson's live pleading is the Original Petition (Document No. 1-5) he filed in state court on February 3, 2015.  Attached to that pleading are several exhibits, including: (1) a Deed of Trust, dated June 9, 2008, identifying Plaintiffs Marcus Hudson and Remaniqua Hudson as Borrowers and Texas Western Mortgage, LLC, as Lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as Lender's beneficiary and nominee (Document No. 1-5 at 22-40); (2) an "Assignment of Mortgage," dated December 14, 2012, reflecting an assignment from MERS, as nominee for Texas Western Mortgage, LLC, to Wells Fargo Bank, N.A. (Document No. 1-5 at 42-43) (referred to hereafter as "Assignment"); and (3) a "Notice of Acceleration and Notice of Trustee's Sale," setting the Property for sale on January 6, 2015 (Document No. 1-5 at 48).  These documents

attached to Plaintiffs' Original Petition are incorporated into the Complaint, *see* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"), and can be considered in connection with Defendants' Rule 12(b)(6) Motion to Dismiss. *United States ex. rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004).

In the Original Petition, Hudson alleges that Wells Fargo "cannot establish proper, effective assignment of the Note and Deed of Trust," that Nancy Sorensen, who signed the Assignment on behalf of MERS, "never worked as an 'Assistant Secretary' for MERS, nor was she authorized by MERS in any way[,] shape or form to sign the 2012 assignment of the Deed of Trust and Note," that "the 2012 assignment is also void because it was signed or the signature was affixed by a person not Sorensen, and signed or affixed by a person without any kind of authority, consent, or knowledge whatsoever from the real Nancy Sorensen," and that "the assignment is also void because MERS in the Assignment itself, although seemingly acting as the 'beneficiary' of the Deed of Trust as 'nominee for [Tex West] and their successors and assigns,' did not actually state for whom MERS was acting as 'nominee'" (Document No. 1-5 at 5-6).

Defendants, in their Motion to Dismiss, maintain primarily that any challenge to the validity of the Assignment of the Note and Deed of Trust cannot support any claim against them. In particular, Defendants argue that Hudson has not and cannot state a claim against them because Hudson himself lacks standing to challenge the Assignment. In addition, Defendants maintain that Wells Fargo has the authority to foreclose as the mortgagee, MERS had the contractual and legal right to assign the Note and/or Deed of Trust, Hudson has not alleged with any supporting facts a superior right or title to the Property, Hudson cannot maintain a breach of contract claim when his

4

allegations establish that he, himself, first breached the contract by failing to make timely payments, and that Hudson cannot maintain independent claims for declaratory and injunctive relief.

    **A.**    **Lack of Standing to Foreclose Claim**

In support of his first claim – that Wells Fargo lacks standing to foreclose – Hudson alleges as follows:

> 15.    The current purported mortgage[e], WFB [Wells Fargo Bank], cannot establish proper, effective assignment of the Note and Deed of Trust herein; therefore WFB is not imbued with the power of sale based on any valid recorded assignment of the Note and Deed of Trust to itself.
>
> 16.    As stated above, WFB apparently first received assignment of the Note and Deed of Trust in 2012. On December 14, 2012, Nancy Sorensen, purporting to be an "Assistant Secretary" for MERS, where MERS was acting as "nominee for Tex West Financial", purported to assign the Plaintiff's Note and Deed of Trust "for valuable consideration" to WFB. *See* **Exhibit B – 2012 MERS to WFB Assignment**.
>
> 17.    Upon belief or information reasonably expected to be discovered, "Nancy D. Sorensen" never worked as an "Assistant Secretary" for MERS, nor was she authorized by MERS in any way[,] shape or form to sign the 2012 assignment of the Deed of Trust and Note, causing the assignment to be void. In fact, Nancy Sorensen admits on her Zoominfo Internet profile she is a "Loan Servicing Specialist" for WFB, the purported assignee of the Note and Deed of Trust. *See* **Exhibit E – Sorensen Zoominfo Profile**, attached and incorporated by reference. Also, Sorensen has signed mortgage documents for WFB in Pottawattamie County, Iowa just three months before she purportedly sign[ed] the assignment in this case. *See* **Exhibit F – Pottawattamie County Sorensen Document**, attached and incorporated by reference.
>
> 18.    Alternatively, and upon belief or information reasonably expected to be discovered, the 2012 assignment is also void because it was signed or the signature was affixed by a person not Sorensen, and signed or affixed by a person without any kind of authority, consent, or knowledge whatsoever from the real Nancy Sorensen.
>
> 19.    Alternatively, and upon belief or information reasonably expected to be discovered, the assignment is also void because MERS in the Assignment itself, although seemingly acting as the "beneficiary" of the Deed of Trust as "nominee for [Tex West] and their successors and assigns," did not actually state for whom MERS was acting as "nominee" [ ]. Was MERS acting as Tex West, or one of their

> successors or assigns? Identification of at least two parties is the key element to a[n] assignment contract, and here the parties' identification is lacking from the face of the 2012 assignment causing it to be void.
>
> * * *
>
> 22. The 2012 assignment purports to transfer the Note and Deed of Trust from MERS to WFB. The recorded assignment of the Note and Deed of Trust is a fraud and forgery, and therefore void ab initio . . .
>
> * * *
>
> 27. Defendants, and each of them, cannot produce any evidence that the Promissory Note has been or was ever transferred to MERS; therefore, in 2012, Defendant MERS could not transfer any interest it may claim to have in the Mortgage/Deed of Trust herein because at that time the Note could not have been held by MERS because MERS does not own mortgage notes according to their own corporate charter and rules. Therefore, even if MERS could possess the Deed of Trust apart from the Note, MERS['] attempt to transfer the Deed of Trust alone in 2012 is a legal nullity.
>
> 28. Furthermore, Defendant MERS has failed to submit and cannot produce documents authorizing MERS, "as nominee for the original lender, its successors and assigns," to assign the subject Deed of Trust to WFB. MERS fails to identify on the face of the 2012 assignment what party MERS was acting on behalf of.
>
> 29. Any attempt to transfer the beneficial interest of a Deed of Trust without actual ownership of the underlying Note is void under state law. Therefore, Defendant, MERS, cannot establish that it is entitled to assert a claim in this case such that the 2012 assignment to WFB were ever effective at all.

Plaintiff's Original Petition at 4-5, 6, 7-8 (Document No. 1-5 at 5-6, 7, 8-9).

The allegations set forth by Hudson in support of his lack of standing claim have all been rejected by the Fifth Circuit Court of Appeals. The Fifth Circuit has roundly rejected both the "split the note" theory, and challenges to MERS' authority to effectuate an assignment of a Deed of Trust. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). In addition, in *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013), the Fifth Circuit made it clear a non-party to an assignment does have standing to challenge the assignment on grounds that

the assignment is void, but does not have standing to challenge the assignment on grounds that the assignment is voidable. *Reinagel*, at 225 ("an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor," but "*may* defend 'on any ground which renders the assignment void.'"). That means, in the context of this case, that Hudson has no standing to challenge the Assignment at issue on the basis that Sorensen did not have authority to execute the Assignment and/or on the basis that the signature on the Assignment was not authentic. *Id.* at 226, 227. As for Hudson's allegation that Sorenson's signature was "forged," such conclusory allegations also do not state a plausible lack of standing challenge to the Assignment. *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 586 F. App'x 631, 634 (5th Cir. 2013) ("Texas 'view[s] with suspicion and distrust attempts to discredit certificates of acknowledgment,' under which the transfer is presumptively valid and 'contradicting evidence must be clear, cogent, and convincing beyond reasonable controversy.'") (citing *Ruiz v. Stewart Mineral Corp.,* 202 S.W.3d 242, 248 (Tex. App.—Tyler 2006, pet. denied)); *Ybarra v. Wells Fargo Bank, N.A.*, 575 F. App'x 471, 473–74 (5th Cir. 2014) (upholding Rule 12(b)(6) dismissal of forgery claim where mortgagors "fail to allege a single fact to support their legal conclusion that the signatures on the 2010 and 2012 assignments are forgeries"). While Hudson relies, in response to Defendants' Motion to Dismiss, on *Vazquez v. Deutsche Bank National Trust Company, N.A.*, 441 S.W.3d 783 (Tex. App.–Houston [1st Dist.] 2014) for his argument that his forgery allegations would render the Assignment void, as opposed to voidable, and would thereby give him standing to challenge the Assignment, *Vasquez* does not address the pleading standard in federal court or the heightened pleading requirement for fraud-based claims such as forgery. *Kreway v. Countrywide Bank, FSB*, 647 F. App'x 437 (5th Cir. 2016) (upholding dismissal of forgery claim where there

7

were no particularized allegations that would meet Rule 9(b)'s pleading requirement); *Jemison v. Citimortgage, Inc.*, Civil Action No. H-13-2475, 2015 WL 251754 *2 (S.D. Tex. Jan. 20, 2015) (forgery allegations were subject to Rule 9(b)'s heightened pleading requirement); *Bonilla v. Wells Fargo Bank, N.A.*, Civil Action No. H-15-3412, 2016 WL 5661706 *3 (S.D. Tex. Sept. 29, 2016) (dismissing forgery claim that was not supported by any factual allegations). As for Hudson's challenge to the Assignment because it did not specifically disclose or identify who MERS was acting for, Hudson points to no such legal requirement and the Assignment itself states that MERS was acting on behalf of Texas Western Mortgage, LLC. *See e.g. Morgan v. Government National Mortgage Ass'n*, Civil Action No. H-15-1803, 2016 WL 3058301 *4 (S.D. Tex. May 31, 2016) (dismissing challenge to assignment on basis that MERS did not disclose who it was acting for).

In all, Hudson has not set forth any facts in his live pleading that would state or support a plausible lack of standing claim against Defendants. As such, that claim is subject to dismissal under Rule 12(b)(6).

    **B.**    **Quiet Title Claim**

Hudson next alleges, in support of his "quiet title" claim, that Defendants do not have a "perfected, legal, and secured claim in the Property," and that their foreclosure efforts are wrongful.

"A suit to clear or quiet title-also known as suit to remove cloud from title-relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012). The cause of action, which is an equitable one under Texas law, "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, review denied) (quoting *Thomson v. Locke*, 66 Tex. 383,

1 S.W. 112, 115 (1886)). The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507 at *7 (Tex. App.—Houston [1st Dist.] 2011). At its most basic, however, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Id.* A plaintiff can only recover on a quiet title claim by establishing the strength of his own title; attacking the weakness of the defendant's title will not suffice. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not on the weakness of his adversary's title.").

Here, Hudson has not alleged any creditable facts that would support a quiet title claim. While Hudson does allege that none of the Defendants have an interest in the Property, the documents Hudson has attached to the Original Petition, including the December 14, 2012 Assignment of the mortgage to Wells Fargo, show otherwise. In addition, Hudson admits in his pleadings that he was in default at the time Wells Fargo commenced foreclosure proceedings. Based on the allegations in the Original Petition, as well as the contents of the documents Hudson has submitted with his Original Petition, Hudson has not and cannot show the strength of his title vis-a-vis Defendants. As such, Hudson has not stated a plausible quiet title claim.

    **C.**    **Breach of Contract Claim**

In the "breach of contract claim," Hudson alleges that Wells Fargo was not a "Lender" within the meaning of the Deed of Trust, and therefore had no authority to engage in or conduct "foreclosure activities."

This claim, based on the contents of the Assignment Plaintiff himself attached to his Original Petition, is wholly without merit. As set forth above, the Deed of Trust identified "MERS" as the nominee and beneficiary under the Deed of Trust. MERS therefore had the authority to assign the Deed of Trust to Wells Fargo Bank, N.A., *Singha v. BAC Home Loans Servicing, L.P.*, 564 F.App'x 65, 68 (5th Cir. 2014), and did so on December 14, 2012. Contrary to Hudson's allegations, the Assignment even identified MERS as nominee for, and on behalf of, Texas Western Mortgage, LLC (Document No. 1-5 at 42-43). Based on the documents included with the Original Petition, and Hudson's admission that he was in default at the time foreclosure proceedings were commenced, Hudson has not, and cannot, state a plausible claim for breach of contract.

### D. Rescission Claim

In his rescission claim, Hudson alleges that the "loan and all accompanying loan documents" should be rescinded because Defendants were never properly assigned the Note and Deed of Trust and therefore did not have the right or authority to seek foreclose. Because this rescission claim is pled as a remedy, and not necessarily a separate claim, and because Hudson has not stated a viable, substantive claim that would call into question the validity of the Note, the Assignment of the Deed of Trust, or the foreclosure proceedings, rescission is not available as a remedy.

### E. Declaratory and Injunctive Relief Claims

Finally, Hudson seeks a declaration "of the rights, obligations and interest of the parties with regard to the Property," that he is "entitled to the exclusive possession of the property," and that Defendants have "no estate, right, title, lien or interest in or to the real property or any part of the Property," as well as an injunction preventing any "transfer of ownership or encumbrance" of the Property. Original Petition at 9, 16 (Document No. 1-5 at 10, 17).

In the absence of a viable substantive claim, neither declaratory nor injunctive relief is available. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.* 99 F.3d 746, 752 n. 3 (5th Cir. 1996) ("The Texas Uniform Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE ANN. § 37.001 *et seq.* (Vernon 1986), is merely a procedural device; it does not create any substantive rights or causes of action."); *Ayers v. Aurora Loan Services, L.L.C.*, 787 F.Supp.2d 451, 457 (E.D. Tex. 2011) (dismissing claim for declaratory judgment where all underlying substantive claims had been dismissed); *Valdez v. Federal Home Loan Mortgage Corp.*, 2011 WL 7068386 *3 (N.D. Tex. 2011) (where Plaintiff failed to state a claim for trespass to try title and to quiet title, Plaintiff's claims for declaratory and injunctive relief were also subject to dismissal under Rule 12(b)(6)); *James v. Wells Fargo Bank, N.A.*, 2012 WL 778510 *4 (N.D. Tex. 2012) (dismissing claim for declaratory relief where the "arguments for declaratory relief are unsupported by the facts alleged").

Because each of Hudson's substantive claims are subject to dismissal under Rule 12(b)(6), Hudson's request for declaratory and injunctive relief must be dismissed as well.

**IV.    Discussion – Amendment**

In his response to Defendants' Motion to Dismiss, Hudson asks that he be given leave to amend if "the Court finds curable faults with any of [his] allegations." (Document No. 25 at 14).

Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies. . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or

unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, given the Fifth Circuit's rejection of essentially the same claims Hudson asserts herein relative to the Assignment of the Note and Deed of Trust, and because there is nothing in the record to indicate that Hudson could plead a forgery claim with the particularity required, there is no reasonable likelihood that Hudson could amend his claims to overcome the legal deficiencies identified herein. An amendment would, therefore, be futile and will be denied.

### V. Conclusion and Recommendation

Based on the foregoing, and the determination that Plaintiff Marcus Hudson has not, and cannot, state a plausible claim against Defendants, and that an amendment would be futile, the Magistrate Judge

RECOMMENDS that Defendants' Motion to Dismiss (Document No. 20) be GRANTED and that Plaintiff's claims against Defendants all be DISMISSED pursuant to Rule 12(b)(6) for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day

period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 9th day of February, 2017.

*Frances H. Stacy*
Frances H. Stacy
United States Magistrate Judge