Case 4:15-cv-01593   Document 35   Filed in TXSD on 03/09/17   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 09, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARCUS HUDSON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-1593 |
| § | |
| TEXAS WESTERN MORTGAGE, LLC, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER AND OPINION

Pending before the Court are (1) Defendants' Motion to Dismiss (Document No. 20); (2) United States Magistrate Judge Frances Stacy's Memorandum and Recommendation (Document No. 29) that the Court grant Defendants' Motion; (3) Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation (Document No. 33); and (4) Defendants' Response (Document No. 34). Upon review of these documents, the facts, and the relevant law, the Court will adopt the Magistrate Judge's Memorandum and Recommendation as its own, overrule Plaintiff's Objections, and grant Defendants' Motion to Dismiss.

Background and Parties' Arguments

On February 9, 2017, the Magistrate Judge entered a Memorandum and Recommendation (Document No. 29) recommending that Defendants' Motion to Dismiss (Document No. 20) be granted.[1] On February 23, 2017, Plaintiff timely filed Objections to the Memorandum and Recommendation. Plaintiff argues that the Magistrate Judge improperly dismissed Plaintiff's forgery and quiet title claims. Plaintiff argues that his forgery allegations are not subject to the heightened pleading standards of Rule 9(b), and that, even if subject to the heightened pleading

---

[1] Please refer to the Memorandum and Recommendation for a detailed discussion of the facts and procedural history of this case. (Document No. 29).

standards, Plaintiff has sufficiently alleged a claim of forgery. (Document No. 33 at 3-8). Then Plaintiff argues that Judge Stacy improperly dismissed his quiet title claim, because "quiet title does not require a Plaintiff to recover on the strength of her own title." *Id*. at 8-12.

Defendants respond by citing case law stating that forgery claims are subject to the heightened pleading standard under Rule 9(b), and by arguing that Plaintiff has not met the heightened pleading standard in his complaint. (Document No. 34 at 1-3). Defendants then cite case law supporting the proposition that a plaintiff must recover in a quiet title action based upon the strength of his own title. *Id*. at 3-4. In addition, Defendants note that "a necessary prerequisite to the recovery of title is tender of whatever amount is owed on the note, which Plaintiff has not alleged," and that "Plaintiff cannot state a quiet title claim because he admits he is in default and cannot show the strength of his title." *Id*. at 4.

Standard of Review

Rulings by a magistrate judge on dispositive matters, such as the motion to dismiss at issue here, "are mere recommendations subject to *de novo* review when properly challenged by the losing party." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 762 (5th Cir. 2016) (citing 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3)). Accordingly, the Court will perform a *de novo* review of the portions of the Memorandum and Recommendation objected to by Plaintiff.[2]

Forgery Claim

First, Judge Stacy and Defendants are correct that forgery allegations are subject to a heightened pleading standard under Rule 9(b).[3] Several cases in this Court and the Fifth Circuit

---

[2] Plaintiff does not object to Judge Stacy's Memorandum and Recommendation regarding his remaining claims. The Court finds Judge Stacy's reasoning is well-founded and adopts the Memorandum and Recommendation in regard to those claims as well.

[3] Federal Rule of Civil Procedure 9(b) provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person must be averred generally." "In every case based upon fraud, Rule 9(b) requires the plaintiff to allege as to each individual defendant 'the nature of the fraud, some details, a brief sketch of how the fraudulent

have applied the heightened pleading standard to allegations that assignment of a mortgage note and deed of trust was void due to a forged signature. *See, e.g., Kreway v. Countrywide Bank, FSB*, 647 F. App'x 437, 438 (5th Cir. 2016); *Reed v. Bank of Am., N.A.*, No. CV H-15-2005, 2016 WL 3058303, at *3 (S.D. Tex. May 31, 2016); *Jemison v. CitiMortgage, Inc.*, No. CIV.A. H-13-2475, 2015 WL 251754, at *2 (S.D. Tex. Jan. 20, 2015); *Lopez v. Sovereign Bank, N.A.*, No. CIV.A. H-13-1429, 2014 WL 7446746, at *8 (S.D. Tex. Dec. 31, 2014).

Second, Plaintiff's claim of forgery does not meet the heightened pleading standard. Relevant portions of Plaintiff's complaint state:

> Nancy Sorensen admits on her Zoominfo profile she is a 'Loan Servicing Specialist' for WFB, the purported assignee of the Note and Deed of Trust. … Also Sorenson [*sic*] has signed mortgage documents for WFB in Pottawattamie County, Iowa just three months before she purportedly sign [*sic*] the assignment in this case. … [T]he 2012 assignment is also void because it was signed or the signature was affixed by a person not Sorensen, and signed or affixed by a person without any kind of authority, consent, or knowledge whatsoever from the real Nancy Sorensen.

(Document No. 1-5 at 5-6). Plaintiff argues that the claims regarding the Zoominfo profile and Sorensen's signatures of documents in Iowa "substantiate" his claim of forgery. However, the Court disagrees. These claims do not suggest or demonstrate that the signature was forged, nor do they meet the heightened pleading standard under Rule 9(b).

In addition, the conclusory allegation that Sorensen did not sign the assignment is also insufficient. *See Kreway*, 647 F. App'x at 438 (allegation that "the 2011 assignment purportedly signed by [MERS Assistant Secretary] Bud Kamyabi is also void because it was signed or affixed by a person not Bud Kamyabi, and signed or affixed by a person without any authority or

---

scheme operated, when and where it occurred, and the participants.'" *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001) (citations omitted). "[T]he Fifth Circuit requires that the plaintiff allege the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the who, what, when, where, and how of the alleged fraud." *Juarez v. Nationwide Prop. & Cas. Ins. Co.*, No. CIV.A. H-10-2726, 2010 WL 5464267, at *1 (S.D. Tex. Dec. 29, 2010) (internal quotations omitted) (citing *U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 384 (5th Cir. 2003)).

knowledge whatsoever from the real Bud Kamyabi" was insufficient); *Reed*, 2016 WL 3058303, at *3 (allegation that "[t]he July 2012 MERS' Assignment to BOA was signed, or the electronic signature was affixed, by a person not Martha Munoz, and signed or affixed by a person without any kind of authority whatsoever from the real Martha Munoz, and without the knowledge or assent of the real Martha Munoz" was insufficient). Furthermore, Plaintiff has not provided any "information regarding who executed these alleged forgeries, how this forgery scheme was carried out, or why the forged signatures were made," as required by Rule 9(b). *Reed*, 2016 WL 3058303, at *3 (citations omitted). For these reasons, Judge Stacy was correct in her recommendation that the forgery claim be dismissed, and Plaintiff's objections are overruled.

Quiet Title Claim

As explained by Judge Stacy in the Memorandum and Recommendation,

"A suit to clear or quiet title-also known as suit to remove cloud from title-relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012). The cause of action, which is an equitable one under Texas law, "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, review denied) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)). The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507 at *7 (Tex. App.—Houston [1st Dist.] 2011). At its most basic, however, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Id*. A plaintiff can only recover on a quiet title claim by establishing the strength of his own title; attacking the weakness of the defendant's title will not suffice. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not on the weakness of his adversary's title.").

(Document No. 29 at 8-9). Plaintiff takes issue with this analysis, arguing that "[t]here is no additional element that the plaintiff must recover on the strength of her own title. It is an 'error' to require a party to demonstrate 'fee simple or [an] uncontestable interest to prevail in a suit to

remove cloud on title or to quiet title.'" (Document No. 33 at 9) (citing *Rodriguez v. Bank of Am., N.A.*, SA-12-CV-00905-DAE, 2013 WL 1773670, at *9 (W.D. Tex. Apr. 25, 2013), *aff'd*, 577 Fed. App'x 381 (5th Cir. 2014) (quoting *Katz v. Rodriguez*, 563 S.W.2d 627, 630 (Tex. Civ. App.—Corpus Christi 1977, no writ)).[4] However, Plaintiff misstates the law.[5] As noted in one of the same cases cited by Plaintiff, a plaintiff "must base his action on the strength of his own title." *Katz*, 563 S.W.2d at 629 (citations omitted). *See also Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014); *Fricks*, 45 S.W.3d at 327.

Judge Stacy correctly explained that Plaintiff "has not alleged any creditable facts that would support a quiet title claim." (Document No. 29 at 9). Plaintiff's pleading only discusses Defendants' lack of rights in the property, rather than pleading his own interest. As explained above, merely disparaging the defendant's title is not sufficient to plead a quiet title claim. Furthermore, Plaintiff's claims that Defendants have no right to the property are belied by the documents attached to Plaintiff's original petition, including the December 14, 2012 assignment of the mortgage to Defendant Wells Fargo. *Id*.

In addition, Plaintiff cannot demonstrate the strength of his own title because he does not allege that he has tendered the amount due on the note, and he admits he is in default. *Campo v. Bank of Am., N.A.*, No. CV H-15-1091, 2016 WL 1162199, at *5 (S.D. Tex. Mar. 24, 2016) (The Court dismissed the plaintiff's quiet title claim because he was in default and he did not allege

---

[4] Plaintiff's claim that requiring him to demonstrate fee simple or an uncontestable interest would be "error" is not on point. Requiring a plaintiff to plead a claim of quiet title based upon his *own* right to the property is not the same as requiring him to demonstrate a claim in fee simple or an uncontestable interest. It merely requires him to show *some* interest, rather than only arguing the weakness of the defendant's title. The full quotation in *Katz v. Rodriguez* clarifies this point: "[i]t is clear that the claimant must show an interest of *some* kind, but it is error that the claimant must show fee simple or [an] uncontestable interest to prevail in a suit to remove cloud on title or to quiet title." 563 S.W.2d 627, 630 (Tex. Civ. App.—Corpus Christi 1977, no writ) (emphasis added).
[5] The Court notes that *Mortgage Electronic Registration Systems, Inc. v. Groves*, cited by Plaintiff, conflicts with a large body of state and federal case law on the subject. No. 14–10–00090–CV, 2011 WL 1364070 at *5 (Tex. App. – Houston [14th Dist.] 2011, no pet.). *See Martinez v. Universal Am. Mortg. Co., LLC*, No. 4:14-CV-1285, 2015 WL 12839152, at *4 (S.D. Tex. Mar. 13, 2015) (citing cases disapproving of *Groves*).

that he tendered the balance of the loan, explaining that "Texas courts have made clear that 'a necessary prerequisite to the...recovery of title... is tender of whatever amount is owed on the note.'") (citing *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012); *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *James v. Wells Fargo Bank, N.A.*, No. 14-cv-0449, 2014 WL 2123060, at *8 (S.D. Tex. May 21, 2014)). *See also Jemison*, 2015 WL 251754, at *2; *Lopez*, 2014 WL 1315834, at *5; *Breitling v. LNV Corp.*, No. CV 3:15-CV-0703-B, 2015 WL 5896131, at *9 (N.D. Tex. Oct. 5, 2015). For these reasons, Judge Stacy was correct in her recommendation that the quiet title claim be dismissed, and Plaintiff's objections are overruled.

Conclusion

Accordingly, the Court hereby

ADOPTS the Magistrate Judge's Memorandum and Recommendation (Document No. 29) as its own, OVERRULES Plaintiff's Objections (Document No. 33), and ORDERS that Defendants' Motion to Dismiss (Document No. 20) is GRANTED. All of Plaintiff's claims are DISMISSED WITH PREJUDICE.

SIGNED at Houston, Texas, this 9th day of March, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE